IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK17-81698 |
| SHANE ANTHONY MORRIS and ) | A18-8002 |
| DONNA ANN MORRIS, ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| SHANE ANTHONY MORRIS and ) | |
| DONNA ANN MORRIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE BANK OF NEW YORK MELLON ) | |
| TRUST COMPANY, NATIONAL ) | |
| ASSOCIATION, AS INDENTURE ) | |
| TRUSTEE FOR RESIDENTIAL FUNDING ) | |
| MORTGAGE SECURITIES II, INC., ) | |
| HOME LOAN TRUST 2005-HI1 ) | |
| HOME LOAN-BACKED NOTES, BY ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the debtor-plaintiffs' motion for summary judgment (Fil. No. 12). No objection was filed. John Turco represents the plaintiffs. Wendee N. Elliott-Clement represents the defendant. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding was filed to avoid a junior lien on the debtors' residential real property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot 2, Block 2 of the Replat of Evergreen Bluffs Addition to the City of Blair, Washington County, Nebraska, and commonly known as 236 East Riverview Drive, Blair, Nebraska, 68008.

    3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

    4. Wells Fargo Bank, N.A., holds the first lien against the real property in the approximate amount of $116,789.31, pursuant to a deed of trust recorded on July 26, 2007.

    5. The Bank of New York Mellon Trust Company, as Indenture Trustee for Residential Funding Mortgage Securities II, Inc., Home Loan Trust 2005-HI1 Home Loan-Backed Notes, by Ocwen Loan Servicing, LLC, apparently holds the second lien against the property in the approximate amount of $30,357.48.

    6. Based on an appraisal dated October 26, 2017, and performed at the request of the debtors, the property is valued at $79,000.00.

    7. Upon information and belief, the second lien is wholly unsecured.

    8. The plaintiffs filed this adversary complaint on February 7, 2018.

    9. The defendant filed a response (Fil. No. 4) and answer (Fil. No. 5) on February 12, 2018, but subsequently withdrew them (Fil. No. 9).

    10. Plaintiffs' counsel represents that the defendant has communicated to him a decision not to oppose this complaint (Fil. No. 12, ¶ 7).

    Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

    The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> 
> The message, to recapitulate, is this:
> 
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> 
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> 
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> 
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim"

and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;

— If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The debtor-plaintiffs' motion for summary judgment (Fil. No. 12) is granted. Separate judgment will be entered.

DATED: June 5, 2018.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John Turco
    Wendee N. Elliott-Clement
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.